## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL CERVENKA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:22-CV-207-PLC |
| | ) | |
| U.S. GOVERNMENT, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon plaintiff Michael Cervanka's submission of a civil complaint and a motion for leave to proceed *in forma pauperis*. Upon consideration of the motion and the financial information provided therein, the Court finds that plaintiff is unable to pay the filing fee. The motion will therefore be granted. Additionally, for the reasons explained below, the Court will dismiss the complaint because it is frivolous and fails to state a claim upon which relief may be granted.

### Legal Standard on Initial Review

This Court is required to review a complaint filed *in forma pauperis*, and must dismiss it upon the determination that, *inter alia*, it is frivolous or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). The term "'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id.* While federal courts should not dismiss an action commenced *in forma pauperis* if the facts alleged are merely unlikely, the court can properly dismiss such an action if the allegations in the complaint are found to be "clearly baseless." *Denton v.*

*Hernandez*, 504 U.S. 25, 32-33 (1992) (citing *Neitzke,* 490 U.S. 319). Allegations are clearly baseless if they are "fanciful," "fantastic," or "delusional," or if they "rise to the level of the irrational or the wholly incredible." *Id.* An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### The Complaint

Plaintiff prepared the complaint on a Court-provided form, as required. He named "U.S. Government" as the defendant. (ECF No. 1 at 1, 2). Invoking this Court's federal question jurisdiction, he writes: "cruel and unusual punishment." *Id.* at 3. In setting forth his statement of claim, plaintiff alleges he has been "intentionally and without my knowledge or consent, rendered sterile, and "subjected to pain and suffering by a Government technique using L.I.D.A.R." *Id.* at 5. Plaintiff identifies L.I.D.A.R. as "an investigative tool used by investigators of the Federal Government coupled with active P.F.T. scan technology," which over time causes brain damage. *Id.* at 8. Plaintiff alleges that "they" have hacked his phone and "planted something on it, incriminating possibly, but it rendered my phone unusable." *Id.* at 5. He alleges that "they" have given him "sterility drugs in the form of coating they applied to my prescription medicine, from a homeless outreach organization," and have tampered with his witnesses, had him attacked by an undercover police officer, tampered with his medication, and placed carcinogens in his food and drink. *Id.* at 6-7. He claims the foregoing has caused numerous health problems, including brain damage and cancer. He seeks $750,000 in damages.

On February 15, 2022, plaintiff filed a civil complaint *pro se* and *in forma pauperis* against "U.S. Government" asserting essentially the same allegations he asserts here. *See*

*Cervanka v. U.S. Government,* No. 4:22-CV-190-PLC (E.D. Mo. 2022). On February 17, 2022, the action was dismissed pursuant to 28 U.S.C. § 1915(e)(2).

### Discussion

Having reviewed and liberally construed the complaint, the Court can discern no plausible claim for relief. While this Court must liberally construe *pro se* filings, this Court will not construct claims or assume facts that plaintiff has not alleged. *See Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004). Additionally, plaintiff's allegations do not appear grounded in reality, and in fact "rise to the level of the irrational or wholly incredible." *Denton*, 504 U.S. at 33. The Court therefore finds that plaintiff's allegations are clearly baseless as defined in *Denton*. The Court will therefore dismiss this action at this time as frivolous and for failure to state a claim upon which relief may be granted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 22nd day of February, 2022.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE